NO. 07-09-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2009

______________________________


JESSIE A. FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418,574; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Pursuant to a guilty plea, Appellant, Jessie A. Flores, was convicted of aggravated
robbery, enhanced, and sentenced to fifteen years confinement. He filed a pro se notice
of appeal. The clerk’s record, filed on February 11, 2009, contains a Trial Court’s
Certification of Defendant’s Right of Appeal indicating that Appellant’s case was a plea-bargain case and he had “NO right of appeal.” An inquiry from the Clerk of this Court
revealed that, notwithstanding the trial court’s certification, counsel was appointed to
represent Appellant on appeal.
          Based on the certification, this Court notified Appellant’s counsel by letter dated
February 12, 2009, that the appeal was subject to dismissal unless an amended
certification showing a right of appeal or other grounds for continuing the appeal were
demonstrated. In zealously representing Appellant, counsel filed a response to this Court’s
inquiry acknowledging that Appellant’s plea was negotiated and that the trial court had not
given permission to appeal. After reviewing the record, counsel determined the appeal
was frivolous and requested that his response be treated as an Anders


 brief. He included
a Motion to Withdraw, a certification of his professional evaluation of the record, and a
copy of a letter to Appellant advising him of his rights in an Anders appeal.
          Despite counsel’s efforts, this Court is required to dismiss a prohibited appeal
without further action, regardless of the basis for the appeal. Chavez v. State, 183 S.W.3d
675, 680 (Tex.Crim.App. 2006). Appellant had no right of appeal as reflected in the trial
court’s certification because he was sentenced pursuant to the terms of a plea bargain and
did not satisfy either of the exceptions stated in Rule 25.2(a)(2) of the Texas Rules of
Appellate Procedure.


 Id. Under these circumstances, an Anders appeal is inappropriate. 
See id. 
          Our conclusion that the procedures of an Anders appeal do not apply in the instant
case precludes us from ruling on counsel’s Motion to Withdraw. When counsel is
appointed by the trial court to represent an indigent defendant, it is the trial court’s
responsibility to relieve or replace counsel even after the appellate record has been filed. 
See Tex. Code Crim. Proc. Ann. art. 1.051(d) and 26.04(j)(2) (Vernon Supp. 2008). See
also Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). 
          No grounds having been demonstrated for continuing this appeal, the appeal is
dismissed based on the certification signed by the trial court indicating that Appellant had
no right of appeal. See Tex. Code Crim. Proc. Ann. art. 25.2(d) (Vernon Supp. 2008).
          Accordingly, the appeal is dismissed.
                                                                           Patrick A. Pirtle

                                                                                 Justice

 



Do not publish.



matters. Counsel’s fourth arguable issue raises abuse of discretion by the trial
court in overruling Appellant’s objection to testimony of Louise Wade concerning the sexual
assault exam. By the fifth and final arguable issue, counsel alleges abuse of discretion in
cumulation of Appellant’s sentences. Counsel then candidly reviews each arguable issue and
explains why no reversible error is presented.
            We have reviewed counsel’s arguments and we have independently examined the entire
record to determine whether there are any non-frivolous issues which might support the appeal. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252
S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found
no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing
the record and counsel’s brief, we agree with counsel that there are no plausible grounds for
appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
           Accordingly, counsel's motion to withdraw is granted and the trial court’s judgments are
affirmed. 
                                                                                  Patrick A. Pirtle

                                                                                        Justice

 
                                                                                                                                                

Do not publish.